IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A'DERREON McDOW, #1333410, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-1220-N |
| | ) | |
| CLAUDIA REEVES, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights complaint brought by a state inmate.

Parties:  Plaintiff is presently incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice – Correctional Institution Division in Venus, Texas. Defendants are Mailroom Supervisor Claudia Reeves, Mailroom Clerks Patricia Beach and Edwina Smith, John and Jane Doe members of the Director's Review Committee, and Grievance Coordinator Richard Shufelt.

The court has not issued process in this case, pending preliminary screening. On July 6, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on August 3, 2009.

Statement of Case:  Plaintiff alleges that the Sanders Estes Unit denied him the

1

opportunity to receive a "Christian" book that he had ordered from a publisher because it contained "deviant criminal sexual behavior." Plaintiff complained about the censorship to TDCJ, but his request was denied. *See* Publication review/denial form attached to the complaint. He unsuccessfully appealed the matter to the Director's Review Committee. Grievance Coordinator Shufelt in turn denied Plaintiff's first step grievance finding that the "Director's Review Committee was [his] final step." Plaintiff requests $50,000 in damages for violation of his First Amendment rights. He also requests punitive damages, delivery of his book, and better oversight by the Director's Review Committee concerning religious books.

Findings and Conclusions:   The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Plaintiff seeks to recover monetary damages for alleged First Amendment violations. The Prison Litigation Reform Act (PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages. *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam) (prisoner's failure to allege physical injury precluded award of compensatory damages for emotional or mental injuries allegedly sustained as a result of purported First Amendment violation); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir.

2

1999) (affirming dismissal of complaint as frivolous insofar as it sought damages for emotional suffering absent a showing of physical injury under § 1997e(e)).[1]

Plaintiff concedes that he did *not* suffer a physical injury as a result of Defendants' conduct. (Answer to Question 2 of the questionnaire). Because Plaintiff did not suffer any physical injury, § 1997e(e) prevents him from asserting a claim for recovery of compensatory damages for emotional or mental injuries. *See Geiger*, 404 F.3d at 375; *Harper*, 174 F.3d at 719. Plaintiff is thus limited to nominal and punitive damages. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007) (per curiam) (holding that inmate did not have to allege any physical injury in order to state a claim for recovery of nominal or punitive damages).[2]

Accepting as true Plaintiff's remaining allegations, the Magistrate Judge concludes that Plaintiff has arguably raised a claim under the First Amendment. *See Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254 (1987); *Samford v. Dretke*, 562 F.3d 674, 679 (5th Cir. 2009). Therefore, Plaintiff's First Amendment claims are not subject to dismissal at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's request for compensatory damages be DISMISSED as frivolous, *see* 42 U.S.C. § 1997e(e), and that service of process be ISSUED on Plaintiff's claims against Claudia Reeves, Patricia Beach, Edwina Smith, and

---

[1] 42 U.S.C. § 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[2] The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. *See Harper*, 174 F.3d at 719 (holding that requests for declaratory and injunctive relief to end allegedly unconstitutional conditions of confinement survived the PLRA's physical injury requirement).

Richard Shufelt.[3] Since Plaintiff was previously granted leave to proceed *in forma pauperis*, the court clerk should be directed to prepare and issue summonses for the Defendants named above, and to deliver the same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure, along with a copy of the complaint and the recommendation of the magistrate judge.

 A copy of this recommendation will be mailed to Plaintiff.

 Signed this 7th day of August, 2009.

*[signature: Wm. F. Sanderson Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
 In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3]  The court cannot recommend at this time that service of process be issued with respect to the unidentified John/Jane Doe members of the Director's Review Committee.